UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JEVON D. OLLINS, <br><br> Petitioner, <br><br> v. <br><br> WARDEN, <br><br> Respondent. | CAUSE NO. 3:19-CV-1094-RLM-MGG |

OPINION AND ORDER

Jevon D. Ollins, a prisoner without a lawyer, filed a habeas corpus petition challenging the prison disciplinary hearing (MCF 19-04-337) in which a disciplinary hearing officer found him guilty of Possession of Cellular Phone in violation of Indiana Department of Correction offense A-121 on May 23, 2019. Mr. Ollins lost 180 days earned credit time and demoted from Credit Class 1 to Credit Class 2.

Mr. Ollins argues there was insufficient evidence to find him guilty because no cell phone was found. In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445, 455-456 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the

comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). A conduct report alone can be sufficient evidence to support a finding of guilt. McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999). The conduct report for this incident states:

> On 4/13/2019 at approximately 7:20am I Officer J. Querry was completing random cell searches in LHU with Sergeant D. Waller. We started searching cell 345/346 when Sergeant Waller noticed what appeared to be a cell phone charger attached to the back of offender Ollins' TV. We stopped searching the cell and asked offender Ollins to strip out at which time Ollins stepped back into his cell and complied. During the strip search I was just inside the door of the cell with Sergeant Waller behind me. While I was searching offender Ollins' clothes I noticed that he seemed to be hiding his left arm and armpit area. I asked him to raise his arm and show the area to me at which time he took out what appeared to be a small plastic device and dump it into the toilet and flush it before I was able intercept it  I believe the device to be a cell phone based on the unauthorized charger I found as well as what I witnessed before the toilet was flushed.

ECF 2-1 at 5.

Given the conduct report, it wasn't necessary for the hearing officer to have a cell phone to find Mr. Ollins guilty. Mr. Ollins was found with what appeared to be a cell phone charger, then threw what looked like a cell phone into the toilet and flushed it while being searched. Given those facts, it wasn't arbitrary or irrational for the DHO to have found Mr. Ollins had a cell phone.

Mr. Ollins doesn't need a certificate of appealability to appeal this order, because he is challenging a prison disciplinary proceeding. *See* Evans v. Circuit Court, 569 F.3d 665, 666 (7th Cir. 2009). But he can't proceed in forma pauperis

on appeal because, under 28 U.S.C. § 1915(a)(3), an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition pursuant to Section 2254 Habeas Corpus Rule 4;

(2) DIRECTS the clerk to enter judgment; and

(3) DENIES the Petitioner leave to appeal in forma pauperis.

SO ORDERED on August 19, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT